## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALLEN BROWN, | ) | |
| Y48939, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-cv-4020-DWD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| UNKNOWN MANAGEMENT STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Allen Brown, an inmate of the Illinois Department of Corrections currently detained at Menard[1] Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Shawnee Correctional Center (Shawnee). Plaintiff alleges that he has been experiencing severe jaw pain since late-August of 2023, but he has not yet received any dental care due to inadequate staffing. Plaintiff seeks injunctive relief and monetary compensation. (Doc. 1 at 8).

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

---

[1] Plaintiff was informed when he filed his case that he must notify the Court if his address changes within 14 days. (Doc. 4). Upon non-receipt of Plaintiff's consent to a magistrate judge on two occasions, and upon receipt of his initial filing fee, the Court searched for Plaintiff in the IDOC Inmate Locator tool online and learned that he had been moved from Shawnee to Menard. The Court will **DIRECT** the Clerk of Court to **UPDATE** Plaintiff's address and to mail this order to Menard, but if Plaintiff fails in the future to update his own address within 14 days of moving, then his case may be dismissed for failure to follow Court orders.

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on August 23, 2023, he saw a member of the dental staff for ongoing pain in his jaw. Plaintiff was placed on the extraction list but did not get an extraction on that day. (Doc. 1 at 6). He alleges that he grieved his situation and was informed that his extraction was delayed by the lack of a full-time dentist at Shawnee. He attached this grievance documentation, wherein the grievance officer indicated that the facility did not have a full-time dentist and did not have control over when the rotating dentist visited the facility. (Doc. 1 at 10). Plaintiff was advised to report to sick call if he felt he had a medical emergency. (*Id.*). Plaintiff also alleges that since August 23, he has been provided with nothing more than Tylenol to manage his pain, and the Tylenol does not help. (Doc. 1 at 6). Plaintiff alleges that he is having trouble eating and he has sent multiple request slips to no avail. He alleges that Wexford has a policy of understaffing, which has delayed his needed care by at least four months.

Based on the allegations in the Complaint, the Court will designate the following claim:

**Count 1:**    *Monell* **claim against Wexford Health Sources, Inc. for failing to provide adequate staffing at Shawnee to meet Plaintiff's dental needs.**

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## ANALYSIS

Plaintiff named Wexford Health Services for their policy to understaff the dental unit at Shawnee. Wexford is a private corporation that cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Thus, under *Monell*, for Plaintiff to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). Plaintiffs have also been allowed to pursue claims for the absence of a policy or practice under *Monell*. *See e.g., Glisson v. Indiana Dept. of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) ("in

situations that call for procedures, rules or regulations, the failure to make policy itself may be actionable.").

Plaintiff's allegations are consistent with the theory that Wexford had a policy of understaffing or a custom of not having a full-time dentist at Shawnee, which has delayed his dental care for at least four months.  These allegations are sufficient at this preliminary juncture to proceed against Wexford.

By contrast, Plaintiff may not proceed against the "unknown management staff" that he named as a defendant in this case because it is not clear who this refers to, or what their role was in the situation described.  The unknown management staff are dismissed without prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above against Wexford Health Sources, Inc..  By contrast, Plaintiff may not pursue a claim against the "unknown management staff", and the Clerk of Court is **DIRECTED** to **TERMINATE** the Management Staff as a defendant.

The Clerk of Court is **DIRECTED** to prepare for Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the

Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court is **DIRECTED** to update Plaintiff's address consistent with footnote 1, and to send him this Order and a new consent form at Menard.  Plaintiff must return the consent form within 14 days of receipt.

**IT IS SO ORDERED.**

Dated: January 29, 2024

/s *David W. Dugan*
DAVID W. DUGAN
United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.