IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN BROWN, )<br>Y48939, )<br>  )<br>  Plaintiff, )<br>  )<br>vs. )<br>  )<br>WEXFORD HEALTH SOURCES, INC., )<br>UNKNOWN MANAGEMENT STAFF, )<br>WARDEN OF SHAWNEE, )<br>JANE DOE, )<br>JOHN DOE, )<br>  )<br>  Defendants. ) | Case No. 23-cv-4020-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Allen Brown, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Shawnee Correctional Center (Shawnee).  The Court reviewed Plaintiff's original complaint (Doc. 1), designated a single claim against Wexford Health Sources, Inc., and began service of process on Wexford.  (Docs. 10, 22).  Meanwhile, on February 26, 2024, the Court docketed Plaintiff's proposed Amended Complaint (Doc. 25).  The Amended Complaint (Doc. 25) is now before the Court for review.

Plaintiff's Amended Complaint (Doc. 25) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-

(b).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT AND AMENDED COMPLAINT

Plaintiff's new complaint is more generic than his original, so the Court includes a recap of the facts from the original complaint for context.  Plaintiff alleges that on August 23, 2023, he saw a member of the dental staff (Mrs. Sourbis) for ongoing pain in his jaw.  Plaintiff was placed on the extraction list but did not get an extraction on that day.  (Doc. 1 at 6).  He alleges that he grieved his situation and was informed that his extraction was delayed by the lack of a full-time dentist at Shawnee.  He attached this grievance documentation, wherein the grievance officer indicated that the facility did not have a full-time dentist and did not have control over when the rotating dentist visited the facility. (Doc. 1 at 10).  Plaintiff was advised to report to sick call if he felt he had a medical emergency.  (*Id.*).  Plaintiff also alleges that since August 23, he has been provided with nothing more than Tylenol to manage his pain, and the Tylenol does not help.  (Doc. 1 at 6).  Plaintiff alleges that he is having trouble eating and he has sent multiple request slips to no avail.  He alleges that Wexford has a policy of understaffing, which has delayed his needed care by at least four months.

In the Amended Complaint, Plaintiff names "unknown staff and management" and he also names the Warden of Shawnee and Jane and John Does.  (Doc. 25 at 2).  He

repeats complaints about his lack of dental care from August 23, 2023, continuing to date. He indicates in the body text of his amended complaint that he would like to sue dental physician Mrs. Sourbis, but in the initial complaint he merely indicated she was staff and he explained she had placed him on the wait list for a needed extraction. (Doc. 25 at 2, Doc. 1 at 6). He goes on to explain he has tried multiple means to get dental care to no avail, and he is still in pain and cannot do things like eat normally. (Doc. 25 at 3). Plaintiff alleges that the Warden of Shawnee is liable because he is responsible for his employees. (Doc. 25 at 5).

The Court already allowed Plaintiff to proceed on Claim 1 against Wexford (*Monell* claim against Wexford Health Sources, Inc. for failing to provide adequate staffing at Shawnee to meet Plaintiff's dental needs). (Doc. 10).

## ANALYSIS

Plaintiff's Amended Complaint is insufficient to add any additional claims to this case. He names the Warden of Shawnee for their role as supervisor of employees, but there is no *respondeat superior* liability under § 1983, so an individual cannot be held responsible for actions of their subordinates. *See e.g.*, *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of the persons they supervise."). Accordingly, Plaintiff has not stated a valid claim against the Warden of Shawnee.

Plaintiff also names Jane and John Does in the caption of the case, but § 1983 liability relies heavily on personal involvement, and he has not described any Jane or

John Does in the factual allegations, nor has he described what each person allegedly did that violated his rights. As such, the amended complaint is insufficient to maintain any claim against these unidentified parties.

Plaintiff alleges in the body text of the complaint that Mrs. Sourbis is a dental physician, and that he now sues her for violating his rights, but his complaint is insufficient in this respect for two reasons. First, you cannot properly sue a person without listing them in the case caption as a defendant. FED. R. CIV. P. 10(a) (ever pleading must have a caption, and the title of the complaint must name all the parties). Mrs. Sourbis was discussed in the body text, but she was not listed in the title of the complaint. Second, in the original complaint Mrs. Sourbis was listed as "dental staff" and in a grievance response the facility indicated that they consulted Mrs. Sourbis in dental and she said that Plaintiff saw the dentist on August 23, 2023, and that he was on the list to be seen again when possible. (Doc. 1 at 6, 10). This information makes it apparent that Mrs. Sourbis is not the actual dentist, so Plaintiff cannot now fault her as the dentist and blame her for providing inadequate care.

Finally, Plaintiff named Unknown Staff and Management, and he referred to the entire Shawnee Dental Services, but these allegations lack enough specificity to proceed under § 1983, and an entire entity or department such as the dental services department, is not a person for purposes of suit under § 1983.

Based on the foregoing analysis, the Court finds Plaintiff's Amended Complaint is insufficient to add any new claims. Defendants Unknown Staff & Management, the

Warden of Shawnee, Jane Doe and John Doe will be terminated because Plaintiff has failed to state a claim against them.

Plaintiff shall still proceed against Defendant Wexford Health Sources, Inc., as previously explained in the Order for Service of Process. (Doc. 10). To that end, Wexford's answer was due March 29, 2024, but Wexford moved (Doc. 26) for a short extension to allow the Court to review the Amended Complaint. The Motion is **GRANTED**, and Wexford shall now have 30 days to file an answer. Wexford's answer should address the claim as defined by the Court's original Order for Service.

## DISPOSITION

**IT IS HEREBY ORDERED THAT** Plaintiff's Amended Complaint (Doc. 25) is insufficient to add any new claims to this case, and it is insufficient to state a claim as to Defendants Unknown Management and Staff, the Warden of Shawnee, Jane Doe or John Doe. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants Unknown Management and Staff, the Warden of Shawnee, Jane Doe or John Doe.

Wexford's Motion for an Extension (Doc. 26) is **GRANTED**. Wexford shall have 30 days from this Order to file an answer to the claim as defined in the Court's Order for Service of Process (Doc. 10).

**IT IS SO ORDERED.**

Dated: April 2, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge
